IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN R. EATON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| HOFFMAN-LA ROCHE INC., et al., | : | |
| Defendants. | : | No. 12-3164 |

**MEMORANDUM**

PRATTER, J.                                                                                             AUGUST 27, 2012

Defendants Hoffman-LaRoche and Roche Laboratories (the "Roche Defendants") removed this products liability matter involving the drug Accutane on June 4, 2012.[1] There is both a mass tort Accutane litigation in the Philadelphia Court of Common Pleas, and an Accutane MDL in the Middle District of Florida which has been pending since 2004. Shortly after removal, Plaintiff Norman Eaton filed a motion to remand this action to state court. The Court heard oral argument on the matter on July 19, 2012. For the following reasons, the Court will grant Plaintiff's motion.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Norman Eaton initiated his action in the Philadelphia Court of Common Pleas by filing writs of summons in the fall of 2011, naming Hoffman LaRoche, Roche Laboratories, and Wolters Kluwer as Defendants. Pursuant to Case Management Order No. 1 in the Accutane mass tort litigation in the Philadelphia Court of Common Pleas, on December 1, 2011 plaintiffs' counsel collectively filed a Master Long Form Complaint, setting forth various state law products

---

[1] Defendant Wolters Kluwer did not expressly consent to the removal; however, the Roche Defendants claim that Wolters Kluwer was fraudulently joined to prevent removal to this Court, as discussed more fully below.

liability claims against the Defendants.  While the Master Long Form Complaint governs all cases filed as part of the Accutane litigation, individual plaintiffs must also file their own Short Form Complaints, which may incorporate by reference any or all of the Master Long Form Complaint, as well as add any additional claims specific to that individual plaintiff.  Mr. Eaton has not yet filed a Short Form Complaint.

In the Master Long Form Complaint, the claims against Defendant Wolters Kluwer center on a patient education monograph published by Wolters Kluwer, which plaintiffs allege failed to warn them of certain risks associated with the drug Accutane.  The Master Long Form Complaint alleges that Wolters Kluwer published that monograph at all relevant times.  Defendants claim that Wolters Kluwer was fraudulently joined because Medi-Span, a Wolters Kluwer subsidiary, published the monograph and was acquired by Wolters in December 2001 pursuant to an order of the FTC forcing Medi-Span's prior owner to divest itself of that company.  On May 29, 2012, Mr. Eaton filed a Plaintiff Fact Sheet which stated that he took Accutane in 2000, before Wolters owned Medi-Span.  Therefore, the Roche Defendants argue that Mr. Eaton could not possibly have relied upon Wolters's misrepresentations because Wolters did not even own the company that produced the offending monograph until after Mr. Eaton took Accutane, and because the Master Long Form Complaint is silent as to any issues regarding, for instance, successor liability.

The Roche Defendants removed this action a few days after Mr. Eaton filed his Fact Sheet, basing their removal on diversity jurisdiction.  They both have principal places of business in New Jersey and are incorporated in New Jersey and Delaware, respectively.  Mr. Eaton is a resident of Texas.  Defendant Wolters Kluwer Health is a Pennsylvania resident, which would make removal improper, unless Wolters was fraudulently joined to defeat diversity jurisdiction.

Based on the serious types of disorders listed in the Master Long Form Complaint and the damages demanded therein – and, seemingly, not necessarily on any information on damages sought by Mr. Eaton specifically – the Roche Defendants claim that the damages sought in the action exceed the required amount in controversy.

Mr. Eaton promptly filed a motion to remand this action to state court, arguing that Wolters Kluwer was not fraudulently joined. This Court agrees.

## II.   LEGAL STANDARD

Under the removal statute,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). This restriction on removal is known as the "forum defendant rule" and provides that "removal is improper if the defendant is a citizen of the state in which the suit is originally filed." *Allen v. GlaxoSmithKline PLC,* Civ. No. 07–5045, 2008 U.S. Dist. LEXIS 42491, at *4 (E.D. Pa. May 20, 2008) (citing *Korea Exchange Bank, New York Branch v. Trackwise Sales Corp.,* 66 F.3d 46, 48 (3d Cir. 1995)). This limitation exists because "[t]he purpose of diversity jurisdiction is to avoid prejudice against out-of-state defendants." *Allen,* 2008 U.S. Dist. LEXIS 42491, at *10 (citing *McSparan v. Weist,* 402 F.2d 867, 876 (3d Cir. 1968)). However, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)) (additional citations omitted).

Removal must take place "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b), (c)(3).

All defendants in an action must timely consent to the removal in order to remove an action to federal court. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995). However, this unanimity rule maybe disregarded if a defendant has been fraudulently joined. *Id.* at 213 n. 4. Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quotations omitted). "The presence of a party fraudulently joined cannot defeat removal." *In re Diet Drugs,* 220 F. Supp. 2d 414, 419 (E.D. Pa. 2002).

The Third Circuit Court of Appeals explicitly set forth the standards applicable to fraudulent joinder analysis as follows:

> A district court must consider a number of settled precepts in ruling on a petition to remand a case to state court for lack of diversity jurisdiction. When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. But the removing party carries a heavy burden of persuasion in making this showing. It is logical that it should have this burden, for removal statutes are to be strictly construed in favor of remand.
>
> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground

4

> supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court....
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*Batoff v. State Farm Insurance Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992) (citations and punctuation omitted). *See also In re Briscoe,* 448 F.3d 201, 217 (3d Cir. 2006).

### III.   DISCUSSION

In Mr. Eaton's motion to remand, he argues that the matter was improperly removed because (1) he has not even filed an individual complaint and (2) Wolters was not fraudulently joined.[2]

As to the first issue, Mr. Eaton argues that removal is premature because he has not yet filed an individual complaint. He cites a number of cases in which a defendant attempted to remove a case after only a writ of summons had been filed and a federal court held that removal before a complaint is filed is improper. Indeed, the Third Circuit Court of Appeals has held that the language in the removal statute referring to "initial pleadings" does not refer to a writ of summons, but rather to a complaint. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005) ("We therefore hold that . . . a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. §

---

[2] Wolters Kluwer also filed a motion to dismiss, which Mr. Eaton, naturally, opposes. In it, Wolters Kluwer generally asserts the same arguments that the Roche Defendants set forth in their response to Plaintiff's Motion to Remand.

1446(b).")

The Roche Defendants respond that the Master Long Form Complaint is the operative document. They acknowledge that the state court also ordered the filing of short form complaints by individual defendants who had not yet filed a complaint, but characterize this as requiring only the incorporation of the allegations in the Master Complaint applicable to the particular individual plaintiff. They do not argue that Mr. Eaton has actually filed one of these short form complaints yet, but instead argue that the Master Complaint contains all of possible substantive allegations Mr. Eaton will be making. They distinguish the cases Mr. Eaton cited by noting that in those cases, there was no similar Master Long Form Complaint.

Mr. Eaton counters that the Short Form Complaints *must* be filed and do allow for Accutane plaintiffs to add any other claims they wish to add. He notes, for instance, that he will add a claim for successor liability as to Wolters Kluwer. The Court need not resolve this issue, however, because even if the Master Long Form Complaint is the operative document, it states a claim against Wolters Kluwer even in light of Mr. Eaton's Fact Sheet.

The Roche Defendants' fraudulent joinder argument rests on the assumption that Medi-Span published the monograph in question, making Mr. Eaton's ingestion of Accutane prior to the date on which Wolters Kluwer acquired Medi-Span an admission that he has no viable claim against Wolters Kluwer. Despite the Roche Defendants' conclusory statement that the Master Long Form Complaint alleges that Medi-Span published the monograph in question, the Master Long Form Complaint does not so state. The allegations in the Master Long Form Complaint, taken as true, state that Wolters published the monograph at all relevant times. Indeed, the only reference to Medi-Span is in paragraph 33 of the Master Long Form Complaint, which quotes

6

from what the plaintiffs call the "Wolters Kluwer MediSpan product webpage" and contains representations about the reliability of Medi-Span's drug databases. This allegation does not directly state that Medi-Span published the monograph in question, let alone that Medi-Span did so even before it was acquired by Wolters Kluwer.

The Roche Defendants and Mr. Eaton spent a great deal of time in their briefs and at oral argument arguing over whether documents outside the complaint could be used by the Court in deciding whether or not Wolters Kluwer was fraudulently joined, but none of the submitted documents speak to who published the offending monograph when. Thus, once again, the Court need not resolve the issue of which documents outside of the Master Long Form Complaint it can and should look at in deciding the instant motion. The only document addressing the issue of who published the monograph when is the Master Long Form Complaint, which alleges that Wolters Kluwer published the monograph "at all relevant times," and thereby leaves open the possibility that Mr. Eaton has a claim against Wolters Kluwer. Therefore, regardless of the great likelihood that this case would and should benefit greatly if allowed to proceed in federal court, this Court must remand this action to state court.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion to Remand. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE